Judge Owsley
delivered the opinion of the court.
The notice attached to the declaration in ejectment, filed in this cause, advising the tenant Sivcrts, to “appear on the first day of the next term of the circuit court, &c” is clearly defective in not naming the circuit court at which appearance should he made.
As the declaration and notice in ejectment, answer the place of process to coerce an appearance, it is obvious, the notice should, with all the certainty and precision of an original writ, inform the tenant at what court to appear.
We must not be understood as requiring the notice, by any set form of words, to name the court; but that if either by, reference to the declaration, or in any- other way, the proper information be given, it is all that should be re - quired. In the present case, however, although the declaration sets forth a trespass and ejectment committed in Nelson county, yet as the notice in no wise refers to the declaration, as explanatory of the court to which the tenant was directed to appear, hut contains a blank, where the court should have been named, upon no fair rule of interpretation can the declaration and notice be so construed as to afford proper information as to the court of appearance.
Assuming, then, the notice to be defective, we can have no hesitation in according with the court below in quashing the proceedings. Had the objection been taken to the sufficiency of the service of the declaration and notice onlv, there would have been some plausibility in the idea suggested in argument, requiring a rule to be given the tenant, to shew cause why the service should not be held good; but as the defect exists not in the service, but in the notice, it must be considered in the nature of a defective writ, and *155 consequently furnishes just cause for tbe court, cx officio, to quash the proceedings. The judgment must be affirmed with cost.
B. Hardin for appellant, Wicklijfe for appellee.